# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1444

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Roberto Cruz pleaded guilty to one count of conspiracy to take hostages, a violation of 18 U.S.C. § 1203. He was sentenced to 360 months in prison, which is less than the advisory guideline sentence of life. On appeal, Cruz contends that his plea was invalid because the district court participated in plea negotiations, thereby violating Federal Rule of Criminal Procedure 11(c)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40560

Cruz did not raise this claim in the district court, so we review it for plain error. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013). To succeed, Cruz must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute," and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see* FED. R. CRIM. P. 11(h). Even if he does so, we have the discretion to correct the error if we conclude that it seriously affects the integrity, fairness, or public reputation of the proceedings. *Puckett*, 556 U.S. at 135.

Rule 11(c)(1) provides a "bright line rule" and "an absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process." *United States v. Pena*, 720 F.3d 561, 570 (5th Cir. 2013) (internal quotation marks and citations omitted). To determine whether a judge's participation in plea discussions affected a defendant's substantial rights, we consider "whether it was reasonably probable that, but for the [judge's] exhortations, [the defendant] would have exercised his right to go to trial." *Davila*, 133 S. Ct. at 2150. The effect of the judge's "comments should be assessed, not in isolation, but in light of the full record." *Id.*

Although at the start of the plea hearing Cruz said he wanted to plead guilty, defense counsel asked the court to address some concerns that Cruz had previously expressed to counsel. The court said, among many other things, "[T]here are some advantages to entering a plea because most often, now there's no guarantee, but most often you get a somewhat lesser sentence if you do enter a plea. No guarantee, but that's the case." The court went on to explain clearly that the choice to plead was Cruz's alone and that the actual sentence could not yet be determined. The court later explained that Cruz faced up to a life sentence if he pleaded guilty and that there was no assurance

2

that Cruz would get credit for accepting responsibility because there was already a jury waiting and ready for trial.

Cruz has not shown that the court's generalization about possibly lower sentences for guilty pleas was a violation of Rule 11(c)(1) beyond "reasonable dispute." *Puckett*, 556 U.S. at 135. Moreover, even if the brief remark was a violation of the rule, the record as a whole firmly establishes that it could not reasonably have affected Cruz's decision to plead guilty. *See Davila*, 133 S. Ct at 2149-50. Cruz's plea was knowing and voluntary.

AFFIRMED.